## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Michael E. Lacey,<br>      Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:23cv287 (RDA/WEF) |
| | ) | |
| Harold W. Clarke, *et al.*, | ) | |
|       Respondents. | ) | |

### <u>MEMORANDUM OPINION</u>

Michael E. Lacey ("Petitioner" or "Lacey"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his August 28, 2020 convictions in the Circuit Court of the City of Norfolk, Virginia for burglary and petit larceny. Dkt. No. 1. The Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits. Dkt. Nos. 26-28. Petitioner filed responses to the Motion to Dismiss. (Dkt. Nos. 25, 36, 37).[1] Accordingly, this matter is now ripe for disposition. For the reasons that follow, the respondent's Motion to Dismiss will be granted and the Petition will be dismissed with prejudice.

### I. PROCEDURAL HISTORY

Lacey was indicted on September 4, 2019, for burglary, in violation of Virginia Code § 18.2-91, and grand larceny, in violation of Virginia Code § 19.2-95. *Commonwealth v. Lacey*, Case Nos. CR19001748-00 and CR19001748-01. Lacey was tried and convicted by a jury in a two-day trial that began on February 3, 2023 of burglary and the lesser-included offense of petit

---

[1] Petitioner has also filed several motions that will be dismissed as moot or frivolous: the motion to proceed *in forma pauperis* (*IFP*) (Dkt. No. 2) is moot because Lacey paid the filing fee (Dkt. No. 6); the "Motion to Release All Matters Pertaining to these Cases to the Federal Court" (Dkt. No. 15) is moot because the state court records have been filed with the Court; the "Motion to Remove" (Dkt. No. 16) is frivolous because this Court has no jurisdiction to try a state criminal case; and finally, the "Motion for a Bond Hearing" (Dkt. No. 17), the "Motion to appoint Counsel" (Dkt. No. 35), the Motion to Move Forward (Dkt. No. 36), and Petitioner's Motion to Dismiss (Dkt. No. 37) will all be denied as moot because disposition of Respondent's Motion to Dismiss results in dismissal of the petition.

larceny.  On August 7, 2020, the Circuit Court judge sentenced Lacey to eighteen years in prison for burglary and twelve months in jail for petit larceny, and then suspended ten years of the burglary sentence.  Final judgment was entered on August 28, 2020.[2]

Lacey, by counsel, filed a petition for appeal of his August 28, 2020 convictions in the Court of Appeals of Virginia, which asserted a single assignment of error—that the trial court had erred in denying Petitioner's motion to strike because the evidence that he committed the burglary was insufficient. *Lacey v. Commonwealth*, 0926-20-1; Dkt. No. 28-4 at 1-13.[3] The court denied Lacey's petition for appeal on March 18, 2021 [Dkt. No. 28-4 at 14-20], and summarized the evidence as follows:

> On June 17, 2019, Margaret Harris and her daughter Megan left their Norfolk home to go grocery shopping. David Harris, Margaret's husband, remained at home, but was outside doing yardwork. When Megan and Margaret returned home, they brought their groceries into the kitchen through the front door; Margaret unloaded groceries and asked Megan to get the laundry upstairs. Halfway up the stairs, Megan saw a pair of legs in her parents' bedroom at the top of the stairs. Megan backed down the stairs, motioned to Margaret to get out of the house quickly, and ran outside and told David that someone was in the home. Megan called 911 and waited in the front yard for police. Margaret was out on the front steps of the home, and David went inside.
>
> David saw the intruder run to the back door in the kitchen and try to leave with Margaret's purse. David confronted the intruder and ordered him to drop the purse; the intruder asked David to let him go. David told the intruder to drop the purse again, and the intruder ran toward David. The intruder pushed David, and David put the intruder in a headlock and wrestled him to the floor to detain him. During the altercation, Margaret grabbed a vase and hit the intruder because he was trying

---

[2] Lacey has two sets of similar convictions. The convictions he has challenged in the present federal petition will be referred to as the "August 28, 2020 convictions." The second set of similar convictions for statutory burglary and grand larceny were entered in a separate proceeding in the same Circuit Court on November 2, 2020, and will be referred to as the "November 2, 2020 convictions." Lacey was sentenced to four years and six months in prison for the November 2, 2020 convictions. *Commonwealth v. Lacey*, Case Nos. CR19001749-00 and CR19001749-01.

[3] The Court of Appeals of Virginia dismissed Lacey's first appeal challenging his November 2, 2020 convictions because he failed to file a petition for appeal. *Lacey v. Commonwealth*, Record No. 1204-20-1 (Va. Ct. App. Apr. 20, 2021). Lacey was granted leave to file a belated appeal. *Lacey v. Commonwealth* (Va. Ct. App. July 9, 2021). On May 24, 2022, the court affirmed his convictions in an unpublished opinion, rejecting his claim that that the evidence was insufficient to establish that he was the perpetrator. *Lacey v. Commonwealth*, Record No. 0730-21-1 (Va. Ct. App. May 24, 2022).

to bite David. Margaret also told the family's dog to "get" the intruder; the dog bit the intruder's calf.

Norfolk Police Officer Jacob Medley was patrolling near the Harris house and responded to the 911 call with two other officers. Officer Medley handcuffed the intruder. Margaret's purse was recovered on the floor where David and the intruder had been wrestling. Margaret's purse was worth $100, her wallet was worth $75, and it contained $20 in cash on that day. The purse also contained Margaret's iPhone, which was worth $400.

After police had appellant in custody, an officer located and brought Megan's Apple watch back into the house. The watch had been sitting on the dresser in her parents' bedroom, where Megan first saw appellant's legs. Megan received the brand-new watch for her birthday a few months prior and estimated that it was valued at $500 or $600. Megan, Margaret, and David each identified appellant as the intruder. None had given appellant permission to enter the family home.

Police called an ambulance for the bite wound on the intruder's leg. The intruder was handcuffed to the paramedic gurney, and the paramedics eventually left to transport the intruder to the hospital. At some point during the drive to the hospital, the intruder "slipped out" of the handcuffs and jumped out of the ambulance while it was stopped at a stoplight. Officers Medley and Amos and paramedic Aaron Fisher could not identify appellant at trial.

[Dkt. No. 28-4 at 15-16].

Lacey, by counsel, filed a petition for appeal in the Supreme Court of Virginia, asserting the same alleged error regarding the sufficiency of the evidence, *id.* at 27, which the court refused on October 22, 2021. *Lacey v. Commonwealth*, Record No. 210378; Dkt. No. 28-4 at 50.

Lacey has filed numerous collateral civil actions in the Circuit Court for the City of Norfolk, Virginia related to his arrest and convictions.[4] In an order entered June 7, 2021, styled *In*

---

[4] The following list summarizes many of the civil cases that Lacey has filed in the Circuit Court related to his arrest and prosecution.

- *Lacey v. Norfolk Justice Law Firm, et al.*, No. CL20-6441 (malpractice action against trial counsel; dismissed March 16, 2021; no appeal);

- *Lacey v. Norfolk Police Department*, No. CL21-1803 (defamation action against the police and others because Lacey's picture was published on local television and social media after he escaped from an ambulance following his arrest; Lacey denied leave to proceed *in forma pauperis* ("*IFP*"), no appeal);

- *Lacey v. Channel 13 News ABC*, No. CL21-3259 (defamation action against television station for broadcasting "false" information that Lacey escaped from an ambulance; claims dismissed without prejudice on June 7, 2021; no appeal;

*re: Civil Filings by Michael E. Lacey*, the Circuit Court found that three or more of Lacey's civil filings were frivolous, and therefore "barred [Lacey] from seeking leave to file any action in any Virginia court *in forma pauperis* unless he alleges facts to show 'he is in imminent danger of

---

- *Lacey v. Virginian Pilot Newspaper,* No. CL21-3260 (defamation action against newspaper for reporting Lacey had escaped from an ambulance after he was arrested; *IFP* status vacated and case dismissed on June 7, 2021; no appeal);

- *Lacey v. Norfolk Police Department, et al.,* No. CL21-4159 (unlawful search and seizure claim; *IFP* status vacated and case dismissed on July 16, 2021; no appeal);

- *Lacey v. Nield, Laurie Morgan,* No. CL21-4161 (allegation that lawyer falsified a *voir dire* document and lied about a witness's age; *IFP* vacated and case dismissed on June 7, 2021; no appeal);

- *Lacey v. Norfolk Probation/parole Off, et al.,* No. CL21-4162 (suit against a probation officer dismissed because the probation officer was immune from suit; *IFP* vacated, and case dismissed on June 7, 2021; no appeal);

- *Lacey v. Norfolk Police Department, et al.,* No. CL21-4163 and *Lacey v. Norfolk Police Department*, CL21-6106 (defamation claim against police officers for giving a local television station his identity; court vacated grant of *IFP* and dismissed unlawful search and seizure claim allowed to proceed; CL21-4163 dismissed without prejudice on June 7, 2021, no appeal; and CL21-6106, dismissed July 16, 2021; no appeal);

- *Lacey v. Norfolk Police Department, et al.,* No. CL-4570 (false arrest claim; Lacey denied *IFP* on April 23, 2021; no appeal);

- *Lacey v. Norfolk Justice Law Firm,* No. CL21-4571 (allegation of ineffective assistance of trial counsel; on April 23, 2021 denied *IFP*; no appeal);

- *Lacey v. City of Norfolk,* No. CL21-6093 (false imprisonment; denied *IFP*; and dismissed without prejudice on June 7, 2021; no appeal);

- *Lacey v. The City Of Norfolk Va.,* No. CL21-6095 (false imprisonment and denial of due process; Lacey denied *IFP*; claims dismissed without prejudice on June 7, 2021, court noting warrants were issued by magistrates and grand jury returned "True Bills"; no appeal);

- *Lacey v. WAVY TV 10-ON Your Side,* No. CL21-6096 (defamation action against television station for broadcasting "false" information that Lacey escaped from an ambulance; Lacey denied *IFP* and claims dismissed without prejudice on June 7, 2021; no appeal);

- *Lacey v. Norfolk Probation/parole Off, et al.,* No. CL21-6097 (claim against probation officer dismissed because of immunity; denied *IFP* on June 7, 2021; no appeal); and

- *Lacey v. Norfolk Probation/parole Off, et al.,* No. CL21-6098 (claim against probation officer dismissed because of immunity; denied *IFP*; dismissed without prejudice on June 7, 2021; no appeal).

Dkt. No. 28-3.

serious physical injury at the time of the filing' or the Court determines it would be a manifest injustice to deny *in forma pauperis* status." Dkt. No. 23-8 at 8 (citing Va. Code § 8.01-692).[5]

On September 7, 2021, while his petition for appeal was still pending in the Supreme Court of Virginia, Lacey filed a petition for a writ of actual innocence in the Court of Appeals of Virginia, arguing that he was innocent of all four offenses (the August 28, 2020 and November 2, 2020 convictions) because of alleged defects in the burglary indictments. *Lacey v. Commonwealth*, Record No. 0946-21-1 (Ct. App. Va. Oct. 8, 2021); CCT at 880-82.[6] The Court of Appeals dismissed his petition on October 8, 2021, holding that Lacey's assertion presented "a legal, rather than a factual, claim that Lacey could have raised in his direct appeals," and that therefore Lacey was not entitled to relief. CCT at 882 (citing *Tyler v. Commonwealth*, 861 S.E.2d 79, 85 n.8 (Ct. App. Va. 2021)).

On January 4, 2022, Lacey filed a timely *pro se* habeas petition in the Supreme Court of Virginia challenging his August 28, 2020 convictions.[7] That court found that Lacey alleged three claims:

> In claim (a), petitioner contends a Norfolk police officer, Jesse Amos, violated his constitutional rights when Officer Amos placed his hands into petitioner's pockets and removed petitioner's wallet containing his driver's license, his car keys, and an Apple Watch. Petitioner emphasizes he was not under arrest during this search.

---

[5] Lacey has also filed numerous frivolous civil actions in this Court, which has likewise barred Lacey "from proceeding without paying the filing fees because he has filed at least three prior civil actions that were dismissed as malicious, frivolous, or for failure to state a claim" on "several occasions." *See Lacey v. George E. Schaefer, III, Clerk*, No. 1:23cv540 (E.D. Va. June 2, 2023) (citing *Lacey v. WTKR: Channel 3 CBS, et al.*, No. 1:20cv754 (E.D. Va. Aug. 11, 2020) (dismissed pursuant to 28 U.S.C. § 1915A); *Lacey v. WAVY TV 10 NBC*, No. 1:20cv976 (E.D. Va. Aug. 24, 2020) (dismissed pursuant to § 1915A); *Lacey v. Norfolk Circuit Court, et al.*, No. 1:20cv978 (E.D. Va. Sept. 1, 2020) (dismissed pursuant to § 1915A); *Lacey v. Lasaka, et al.*, No. 1:20cv1029 (E.D. Va. Sept. 15, 2020) (dismissed pursuant to § 1915A); *Lacey v. Gaskins, et al.*, No. 1:20cv1067 (E.D. Va. Sept. 15, 2020) (dismissed pursuant to § 1915A); *Lacey v. WVEC*, No. 1:20cv1484 (E.D. Va. Dec. 21, 2020) (dismissed both for failure to state a claim and as improper under 28 U.S.C. § 1915A).

[6] "CCT at ___" denotes a reference to the circuit court record.

[7] In addition to the habeas petition that challenged the August 28, 2020 convictions, *Lacey v. Director*, Record No. 220199, Lacey also filed a habeas petition challenging his November 2, 2020 convictions. *Lacey v. Director*, Record No. 220200.

Petitioner asserts this violation allowed the Norfolk Police Department to use his identification to "place" him at the scene of two other burglaries. Petitioner contends this search was a violation of his Fourth Amendment rights.

In claim (b), petitioner contends the violation alleged in claim (a) allowed the Norfolk Police Department to place petitioner's picture on three local news stations after his subsequent escape from police custody while in an ambulance.

In claim (c), petitioner asserts the trial court granted the Commonwealth's motion to *nolle prosse* a charge related to his escape from the ambulance. Petitioner appears to contend the court's grant of this motion demonstrates the charges could not be sustained because an arrest warrant was never issued and the search of his pockets was illegal.

Dkt. No. 28-5 at 1-2. On February 13, 2023, the Supreme Court of Virginia held that "claims (a), (b), and (c) are barred because these non-jurisdictional issues could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." *Id.* at 2 (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)).[8] The Supreme Court of Virginia denied Lacey's petition for rehearing on May 12, 2023. *Id.* at 4.[9]

On April 25, 2022, while his state habeas petition was pending in the Supreme Court of Virginia, Lacey filed a second petition for a writ of habeas corpus in the Circuit Court challenging his August 28, 2020 convictions. *Lacey v. Commonwealth*, Case No. CL22007269-00. Lacey only alleged a single claim in this habeas petition—that his attorney was ineffective for allowing the prosecutor "to enter evidence against [Lacey] that was part of an illegal search and seizure." *Id.* at 14, 145. Because Lacey had knowledge of the facts underlying the April 2022 state habeas petition

---

[8] The Supreme Court of Virginia found that Lacey had attempted to raise several new claims in his August 29, 2022 reply to the motion to dismiss: "that police officers lied to a magistrate to secure an arrest warrant for petitioner because there was insufficient proof to show he was the burglar;" that "the evidence was insufficient to support his larceny conviction;" and that the prosecution "failed to provide him with unspecified discovery before trial." Dkt. No. 28-5 at 2. The Supreme Court of Virginia found the new claims were not properly before it because Lacey had "neither requested nor been granted leave to amend his petition to include these new claims." *Id.* (citing Rule 5:7(e) (a petitioner may not raise new claims unless, prior to the expiration of the statute of limitations and the entry of a ruling on the petition, he obtains permission from the Court to do so); and Va. Code § 8.01-654(B)(2) (a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing")). The Supreme Court of Virginia also denied several other motions by Lacey.

[9] The petition challenging the November 2, 2020 convictions was dismissed on February 13, 2023, and the petition for rehearing in that matter was denied on May 12, 2023.

when he filed his January 2022 petition in the Supreme Court of Virginia, the Circuit Court dismissed the petition on September 26, 2022 as an improper successive petition. *Id.* (citing Va. Code Ann. § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). Lacey did not appeal that order.

On March 1, 2023, Lacey filed a letter in this Court, accompanied by other documents, stating that he intended to sue his trial counsel's law firm for providing ineffective assistance of counsel at his criminal trial. Dkt. No. 1 at 1. The Court construed the letter and documents as a petition for a writ of habeas corpus and directed Lacey to particularize and amend his petition using a standardized form. Dkt. No. 4. Lacey then filed an amended petition, using the standardized form, on April 4, 2023. Dkt. No. 5. The petition alleges three claims.

1) "Defendant's Voir Dire." Counsel "committed perjury . . . when she told [the] jurors" during *voir dire* that a witness "was 15 years old, when she was actually 21 years-old and a junior at V.C.U. in Richmond, Va." Dkt. No. 5 at 5.
2) "Falsified a state document." Counsel "falsified a state document[,] a Defendant's voir dire." *Id.* at 6.
3) A Norfolk Police Officer illegally searched petitioner and seized his driver's license and an apple watch. Counsel "allowed [petitioner's] driver's license and an apple watch to be used against [him], along with news coverage." *Id.* at 8.

## II. EXHAUSTION AND DEFAULT

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). In order to meet the exhaustion requirement, a petitioner "must have presented to the state's highest court 'both the operative facts and the controlling legal principles.'" *Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the

claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). Such claims are simultaneously exhausted and defaulted. *Id.*

The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). State prisoners must therefore "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Where a claim has not been presented to the highest state court, the claim may nevertheless "be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288. Such claims are technically exhausted and are defaulted. *Id.*

### A. Default

Respondent asserts that Claims 1 and 2 have not been presented to, or decided by, the Supreme Court of Virginia.  Respondent concedes that Claim 3 was presented in the first state habeas as Claim (a), and was dismissed pursuant to the rule of *Slayton v. Parrigan*. In his federal petition, Lacey alleges that he raised Claims 1, 2 and 3 on direct appeal and in his post-conviction habeas petitions. Dkt. No. 5 at 5-6, 7, 8-9. A review of the records of Petitioner's direct appeal and his first state habeas case establishes that neither Claim 1 nor Claim 2 were raised on direct appeal or in state habeas. The substantive portion of Claim 3, alleging a Fourth Amendment violation, was raised in his first state habeas petition and dismissed pursuant to the rule of *Slayton v.*

*Parrigan*, but the ineffective assistance of counsel claim was not. The ineffective assistance of counsel portion of Claim 3 was raised in the second state habeas petition filed in the Circuit Court and was found to be barred under Virginia's successive writ statute, Virginia Code § 801-654(B)(2). *See supra* at 6-7. Lacey did not appeal that dismissal.

Lacey cannot now attempt to raise Claims 1 or 2 in a post-conviction proceeding, because each would be defaulted under the successive writ statute, Virginia Code § 8.01-654(B)(2) where Lacey has previously filed a state petition and each claim could have been raised in that previous habeas petition. The claims would also be time-barred because the state habeas statute of limitations, Virginia Code § 8.01-654(A)(2), has expired.[10] Also, as noted, Claim 3 was defaulted in state court under the successive writ statute and any attempt to raise it in state court now would be untimely. Thus, each of Petitioner's Claims are defaulted and are barred from review in this federal habeas proceeding.

## B. Cause and Prejudice

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. *Harris v. Reed*, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. *See Coleman*, 501 U.S. at 753-54; *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). A court need not consider the issue of prejudice in the absence of cause. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995). Petitioner does

---

[10] Virginia Code § 8.01-654 provides that "[a] habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Final judgment was entered on August 28, 2020, and the direct appeal concluded on October 22, 2021. The latest Lacey could have filed a habeas raising either Claim 1 or Claim 2 was October 22, 2022.

not allege cause to excuse his defaults, and none is apparent from the record.[11]  Thus, no cause or prejudice exists to excuse Petitioner's defaults.

### C. No Merit

In any event, even if Petitioner's Claims were not barred from review, it is clear that Petitioner's claims have no merit. *See* 28 U.S.C. § 2254(b)(2); *Swisher v. True*, 325 F.3d 225, 232-33 (4th Cir. 2003) (affirming district court's decision to deny habeas relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"); *see, e.g., Guarino v. Clarke*, No. 1:21cv1133, 2022 U.S. Dist. LEXIS 97318, *16 (E.D. Va. May 31, 2022) (recognizing district court's discretion to deny habeas relief on merits of unexhausted claim).

Claim 1 alleges that Petitioner's counsel "committed perjury" when she told the jury panel during voir dire that a witness "was 15 years old, when she was actually 21 years-old." Dkt. No. 5 at 5. To support an ineffective assistance of counsel, Lacey would have to satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner has the burden to show both that his attorney's performance was deficient and that he was prejudiced as a result. *See Strickland*, 466 U.S. at 687. *Strickland*'s first prong, the "performance" inquiry, "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A federal court reviewing a habeas petition indulges a "strong presumption" that counsel's conduct fell within the "wide range of reasonable professional assistance." *Id.* at 689. The "basic lesson" of *Strickland* is that "judicial scrutiny" of counsel's performance must be "highly deferential."

---

[11] To the extent Petitioner may be asserting ineffective assistance of counsel as cause to excuse his default of the substantive portion of Claim 3, he did not raise such a claim in state court and thus it cannot be asserted as cause to excuse his default because his "cause" is itself defaulted. *See Powell v. Kelly*, 531 F. Supp. 2d 695, 723 (E.D. Va. 2008) (for a claim of ineffective assistance of counsel to qualify as cause and allow federal habeas review of a defaulted claim, a petitioner "must show that he raised the ineffectiveness argument as a cause for the defaulted substantive claims during his state habeas proceedings. If a petitioner did not raise the ineffectiveness claim at the state habeas level, a federal habeas court may not consider it") (citing *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000)), *aff'd*, 562 F.3d 656 (4th Cir. 2009).

*United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (citation omitted). Attorneys "are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." *Id.*

*Strickland*'s second prong, the so-called "prejudice" inquiry, requires showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Valentino v. Clarke*, 972 F.3d 560, 580 (4th Cir. 2020) (citation omitted); *accord Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020).

Here, Lacey alleges that during *voir dire* his defense counsel stated that Megan Harris, a witness for the prosecution, was fifteen years old when she was actually twenty-one.[12] He attached a document to his amended petition entitled "Defendant's Voir Dire Questions," that he alleges was prepared by his attorney. Dkt. No. 5-1 at 19-23. One of the questions reads as follows: "You will hear this case involves a 15-year-old female as a victim/witness. Do you have any children?" Dkt. Nos. 1 at 10; 5-1 at 22.[13] The question also has two subparts if there was a yes answer: "a) If so do you have any children that currently reside in the home with you?" and "b) What ages are they?" [*Id.*]. The document bears the docket numbers of the criminal cases, but there is no stamp indicating it received or filed with the Clerk of the Court and is not in the record. A review of the transcript does not indicate that Megan Harris' age (twenty-one) was testified to by any of the witnesses. At best, the jury panel may have been under the impression that Megan Harris was

---

[12] Lacey has also attached a copy of a page from the pre-sentence report to his amended petition that indicates that Megan Harris was "twenty-one." Dkt. No. 1 at 11; 5-1 at 25.

[13] Lacey was aware of this claim by April 3, 2021 because he filed a civil lawsuit against his attorney in the Circuit Court, which was subsequently dismissed without prejudice on June 7, 2021. *Michael Lacey v. Laurie Morgan Nield*, No. CL 21-4161.

approximately 15-years-old, but there is nothing to indicate that this point was in any way relevant or material to the case.

The alleged misstatement by counsel, even if made, does not amount to ineffective assistance of counsel.[14] The question was aimed at identifying prospective jurors that might have children, and there is no indication that any panel member that sat on the jury was in any way prejudiced or bias against the Petitioner based on an inference regarding one witness's age. Even assuming counsel asked the question and that asking the question was unreasonable, the evidence of Petitioner's guilt in this case was overwhelming. He was identified by the three family members who encountered him in the home when he was found, the family dog bit the petitioner, he was taken into custody while on the floor of the victims' home, and the Apple Watch was recovered from Petitioner's pocket at the scene. Lacey has failed to establish an unreasonable act or omission of counsel, and, in any event, there is no prejudice given the overwhelming evidence of Lacey's guilt. *See United States v. Higgs*, 663 F.3d 726, 743 (4th Cir. 2011) (finding defense counsel's failure to file motion for new trial in capital murder case did not prejudice defendant, as required to establish ineffective assistance of counsel, given overwhelming evidence of defendant's guilt); *see, e.g., Jackson v. Brown*, 513 F.3d 1057, 1082 (9th Cir. 2008) (denying ineffective assistance of counsel claim because overwhelming evidence of guilt negated any prejudice); *Whitman v. Bartow*, 434 F.3d 968, 972 (7th Cir. 2006) (rejecting an ineffective assistance of counsel claim, where a petitioner failed to show prejudice because the evidence of the defendant's "guilt was overwhelming, and [the mistake at issue] was not an outcome determinative factor in the jury's decision").

---

[14] The *voir dire* was not transcribed, and the document is not a matter that was filed with the trial court. It is therefore not clear that counsel asked any question that included the reference to age.

Claim 2 is related to Claim 1 because Lacey alleges that the misstatement about Megan Harris' age in the document with the *voir dire* questions resulted in a "falsified state document." Lacey's argument is not supported by Virginia law. In Virginia,

> "Public Records" means, but is not limited to, all written books, papers, letters, documents, photographs, tapes, microfiche, microfilm, photostats, sound recordings, maps, other documentary materials or information in any recording medium regardless of physical form or characteristics, including electronically recorded data, *made or received* in pursuance of law or in connection with the transaction of public business by *any agency or employee of state government or its political subdivisions.*

*Hall v. Commonwealth,* 2000 Va. App. LEXIS 287, *5 (2000) (quoting *Reid v. Commonwealth,* 431 S.E.2d 63, 64 (Va. Ct. App. 1993)) (emphasis added). The document at issue, Dkt. No. 5-1 at 19-23, although styled as a pleading with the caption of the case, was not filed in the Circuit Court and was therefore not "made or received" by an "agency or employee of state government or its political subdivisions."[15] Further, although the document erroneously suggests that the witness was fifteen, "for a statement to be 'false,' more than an erroneous statement is necessary. It must be one that is intentionally false or one that is intended to deceive and must be relied upon." *Wolfe v. Tri-State Ins. Co.*, 407 F.2d 16, 19 (10th Cir. 1969) (citing *American National Bank of Denver v. Rainguet*, 323 F.2d 881 (10th Cir.1963)).[16] In addition to not being a public document, there is no forgery of a public document without "knowing the same to be forged," Virginia Code § 18.2-168, and there is no allegation or evidence that Lacey's attorney knew the witness's correct age. *See, e.g., Rodriquez v. Commonwealth*, 653 S.E.2d 296, 299 (Va. Ct. App. 2007) (defendant provided false information to the officer knowing that it would be used "to prepare traffic summonses").

---

[15] There is also no certificate of service on the document.

[16] *See also Herrera-Roca v. Barber*, 150 F. Supp. 492, 494 (N.D. Cal. 1957) ("An erroneous statement in itself does not establish fraud in the absence of proof of both knowledge and intent to deceive.").

Lacey has failed to establish an unreasonable act or omission of counsel, and, in any event, there is no prejudice given the overwhelming evidence of Lacey's guilt. *See, supra,* at 12.

Claim 3 alleges that Petitioner's counsel was ineffective for not seeking to suppress the alleged illegal search and seizure of Lacey's person that resulted in the seizure of his driver's license and the victim's Apple Watch, which were recovered from his pockets when he was arrested at the scene. In order to establish a claim of ineffective assistance of counsel for not raising a Fourth Amendment objection, Lacey must demonstrate that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986). Here, the officers arrested Lacey in the victim's home, where he was lying on the floor after having been bitten by the victims' dog. Lacey resisted, but the officers were able to handcuffed him. The officers then called for an ambulance and waited with Lacey outside until the ambulance arrived. While outside, they searched Lacey incident to his arrest and recovered the victim's Apple Watch and Lacey's wallet.[17] CCT 2/3/20 Tr. at 108-09. After he was arrested, Lacey was still in handcuffs when he was searched. An officer removed one of the handcuffs at the request of the paramedics so that the paramedics could start an IV and then handcuffed Lacey to the gurney. *Id.* at 114-15, 118-19.[18] The record establishes that the wallet and the Apple Watch were seized during a search incident to arrest.

---

[17] One of the exhibits Lacey introduced in the state habeas indicated that the officers seized his wallet, which contained his drivers' license, during the search incident to his arrest. (Record No. 220199 at 74-75, 100, 102). Prior to the search, however, Lacey had identified himself as Michael Lacey and given the officer his correct date of birth. (*Id.* at 74). After seizing Lacey's wallet, the officers gave it to the paramedics. Lacey identified himself to the paramedic, and confirmed his date of birth, address, and social security number. (*Id.* at 102-03). The paramedics went to the hospital after Lacey escaped and returned the wallet, including Lacey's drivers' license, to an officer at the hospital. (*Id.* at 105).

[18] Lacey provided the paramedic his name in the ambulance before Lacey escaped. (*Id.* at 129). The body camera footage introduced at trial and in the records forwarded to the Court corroborates the officers' testimony.

The Fourth Circuit summarized the analysis of applying the search incident to arrest exception as follows:

> "A warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions" to the Fourth Amendment's warrant requirement. *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999) (per curiam). One of these well-delineated exceptions authorizes warrantless searches incident to arrest. *See United States v. Robinson*, 414 U.S. 218, 224 (1973). "This exception provides that when law enforcement officers have probable cause to make a lawful custodial arrest, they may—incident to that arrest and without a warrant—search 'the arrestee's person and the area within his immediate control.'" *United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)). "Such searches have long been considered valid because of the need 'to remove any weapons that the arrestee might seek to use in order to resist arrest or effect his escape' and the need to prevent the concealment or destruction of evidence." *New York v. Belton*, 453 U.S. 454, 457 (1981) (alteration omitted) (quoting *Chimel*, 395 U.S. at 763). Nonetheless, "[t]he constitutionality of a search incident to an arrest does not depend on whether there is any indication that the person arrested possesses weapons or evidence. The fact of a lawful arrest, standing alone, authorizes a search." *Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979).

*United States v. Ferebee*, 957 F.3d 406, 418 (4th Cir. 2020). The record establishes that the officers searched Lacey incident to his arrest and that counsel had no reason to file a motion to suppress. Counsel is not ineffective for failing to file a futile motion. *See Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005) ("Counsel is not required to engage in the filing of futile motions.") (quoting *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)); *see also Flournoy v. Small*, 681 F.3d 1000, 1006 (9th Cir. 2012) ("The failure to make an objection that would have been overruled was not deficient performance."). Thus, Claim 3 also lacks merit.

In sum, even if each of Petitioner's Claims were not defaulted, Petitioner's Claims would still be dismissed on the merits.

---

Lacey was placed in handcuffs while still in the house; Lacey provided the officers his name; and the Apple Watch was recovered from Lacey before he was placed on the gurney for transport.

## III. CONCLUSION

For the foregoing reasons, respondent's Motion to Dismiss (Dkt. No. 27) is granted, and

this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[19]

Entered this ___25___ day of ___October___ 2023.

Alexandria, Virginia

_/s/_ _____

Rossie D. Alston, Jr.
United States District Judge

---

[19] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.

16